IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MARCELLUS SINGLETARY     :
                         :
v.                       :     CIVIL NO. CCB-10-1522
                         :     Criminal No. CCB-08-0449
UNITED STATES OF AMERICA :
                    ...o0o...

**MEMORANDUM**

Marcellus Singletary, a federal prison inmate, has filed a motion to vacate under 28 U.S.C. § 2255 alleging ineffective assistance of counsel. For the reasons stated below, the motion will be denied.

Singletary pled guilty on March 30, 2009 pursuant to an agreement under Fed. R. Crim. P. 11(c)(1)(C) for a range of 77 to 96 months despite his guidelines exposure as a career offender to a range of 108-235 months. In doing so he gave up his right to challenge his traffic stop and the search, pursuant to warrant, of his apartment on Hamilton Avenue in Baltimore, Maryland. Singletary now argues that his attorney should have advised him to challenge the search rather than accept the plea offer. This argument is without merit.

First, Singletary represented to the court by his signature on the plea agreement (and under oath at the plea proceeding) that he was completely satisfied with his counsel, though he knew they were not going forward with the motions hearing. Second, the plea offer was very generous in comparison to the guidelines range, and would not have been offered if he litigated the motion. Third, the search of Singletary's person and the subsequent search of the apartment most likely would have been held valid; at a minimum the sanction of exclusion would not have been warranted under *United States v. Leon*, 468 U.S. 897, 913 (1984), and *United States v. Lalor*, 996 F.2d 1578, 1582 (4th Cir. 1993).

Accordingly, there is no basis to find that counsel, an experienced member of the Federal Public Defender's Office, was ineffective. *See United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005); *Fields v. Attorney Gen. of Maryland*, 956 F.2d 1290, 1299 (4th Cir. 1992). There was no error in counseling Singletary to accept the plea offer, given the options he faced, nor any reasonable probability that an effectively advised client in Singletary's position would have chosen to go to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *United States v. Dyess*, 478 F.3d 224, 237 (4th Cir. 2008); *Hooper v. Garraghty*, 845 F.2d 471, 475 (4th Cir. 1988).

A separate Order follows.


Date: July 25, 2011                                /s/
                                        Catherine C. Blake
                                        United States District Judge